**Homer FLINT, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 89–4105–R.**

United States District Court, D. Kansas.

July 31, 1990.

Kenneth M. Carpenter, Carpenter, Chtd., Topeka, Kan., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., D. Brad Bailey, Asst. U.S. Atty., Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an action to review a final decision by the Secretary of Health and Human Services regarding plaintiff's entitlement to disability benefits under the Social Security Act. This matter is presently before the court upon plaintiff's motion for summary judgment and defendant's motion for an order affirming the Secretary's decision.

Plaintiff filed his application for disability benefits under Title II on February 11, 1987. Plaintiff listed the following as the nature of his disabling condition: post-traumatic stress disorder, stomach problems and tinnitus. He alleged that his disability began in October, 1981. On April 13, 1987, after the Social Security Administration informed plaintiff that his insured status expired on September 30, 1980, plaintiff amended his application to allege an onset date of "sometime in 1980—no later than 9/30/80." Plaintiff's application was denied initially and on reconsideration by the Social Security Administration. At plaintiff's request, a hearing before an adminis-

trative law judge (ALJ) was held on May 5, 1988. On August 31, 1988, the ALJ rendered a decision in which he found that plaintiff was not under a disability prior to the expiration of his insured status on September 30, 1980. Plaintiff filed a request for review of the ALJ's decision on October 25, 1988. Plaintiff made the following statement as the reason for his request for review:

I was continuously disabled before September 1980, the last month that I had insured status. I have suffered from post traumatic stress disorder and attendant alcohol and drug abuse since my military service in Vietnam (1969).

On February 8, 1989, the Appeals Council of the Social Security Administration granted plaintiff's request. The Appeals Council indicated that it intended to find that the plaintiff's insured status had actually expired on March 31, 1977, and that plaintiff was not disabled prior to that time. The Appeals Council advised plaintiff that he had the right to submit additional evidence or further written statements as to the facts or law within twenty days.

Plaintiff did respond to the ruling with another request for review on February 27, 1989. Plaintiff stated the following in his request for review:

My disability and resulting long term hospitalization prevents me from obtaining and maintaining substantial gainful employment, and that this has been the case since my return from Vietnam.

Plaintiff submitted an addendum to his request for review on March 27, 1989. The addendum contained the following argument:

The claimant asserts that the medical evidence establishes that he has been under a disability is (sic) defined in 20 CFR 404.1520(E) since it (sic) least 1–29–87 due to a condition and its complications which existed in a latent state before March 31, 1987 (sic).

On May 1, 1989, the Appeals Council decided that plaintiff was not entitled to disability benefits based on the following findings:

1. The claimant alleged his disability commenced on September 30, 1980.

2. The claimant last met the disability insured status requirements on March 31, 1977.

3. The claimant's insured status had expired prior to his alleged onset date of disability.

4. The claimant was not under a disability as defined in the Social Security Act, as amended, at any time through March 31, 1977, his date last insured.

The Appeal Council's decision of May 1, 1989 stands as the final decision of the Secretary.

Plaintiff filed the instant action on May 11, 1989. In his complaint, plaintiff alleges that (1) he is unable to return to his previous occupation, and he has been unable to engage in any other substantial gainful activity from September 1980 to the present date; (2) the Appeals Council erred in finding that he did not experience any disabling effects from his impairments during the period of his insurability; and (3) the Appeals Council erred in denying benefits when his disability is traceable to conditions which existed prior to the end of his insured status.

Plaintiff makes two arguments in the instant motion for summary judgment. Plaintiff argues that he was disabled prior to his last insured date and that the record provides adequate support for this contention. Plaintiff asserts that the lack of medical evidence indicating that plaintiff was disabled prior to his last insured date does not preclude a finding of disability when his testimony and the other evidence in the record indicate that he was disabled at that time. Plaintiff argues alternatively that the Secretary erred in denying him disability benefits because he demonstrated he is under a disability now that was traceable to a condition having its inception when he was covered by disability insurance. In support of this position, plaintiff relies upon *Cassel v. Harris*, 493 F.Supp. 1055 (D.Colo.1980).

The legal standards applicable in this case were set forth in *Knipe v. Heckler*,

755 F.2d 141, 144–45 (10th Cir.1985), as follows:

> Our scope of review of a disability award determination is restricted. We must uphold the decision if it is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Tillery v. Schweiker*, 713 F.2d 601, 603 (10th Cir.1983); *see also Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).
>
> Substantial evidence is "defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' It must be 'more than a mere scintilla.'" *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir.1983) (per curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). This oft-cited language is not a talismanic formula for adjudication; the determination is not merely a quantitative exercise. Evidence is not substantial "if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians) or if it really constitutes not evidence but mere conclusion." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir.1983).

The court is reluctant to even address plaintiff's first argument. This record is awash with conflicting allegations concerning the onset date of plaintiff's disability. Nowhere except in the motion for summary judgment does plaintiff allege that he was disabled prior to March 31, 1977. In his initial application for benefits, plaintiff indicated that he became disabled in October 1981. Plaintiff subsequently amended his application to allege an onset date of "sometime in 1980—no later than 9/30/80." In the addendum filed with the Appeals Council on March 27, 1989, plaintiff, through his counsel, indicated that his disability did not begin until January 29, 1987. Plaintiff's argument at that time was that his disability was traceable to a condition that was latent prior to March 31, 1977, the last date of insured status. In his complaint, plaintiff alleged that he has been disabled since September 1980.

Despite these conflicting allegations and plaintiff's recent admissions that his disability did not begin until after the last date of his insured status, the court shall consider the plaintiff's arguments. This decision will provide plaintiff with a full and fair examination of the record.

The record in this case begins with a report from The Patrician Movement, a counseling program in San Antonio, Texas. The report indicates that plaintiff was in the Army from 1967 to 1970 and again from November 1971 to June 1972. He spent one tour in Vietnam. Plaintiff told his counselor that he used drugs, including heroin, opium and cocaine, during his tenure in the Army. Plaintiff was incarcerated in 1972 for six months while awaiting trial on charges of robbery and possession of methadone. He was acquitted following trial. From March 1973 through July 1973, plaintiff was again incarcerated following charges of burglary with intent to commit theft. He was convicted, sentenced to probation, and released for inpatient counseling at The Patrician Movement. Plaintiff remained at The Patrician Movement from July 23, 1973 through November 9, 1973. While receiving treatment, he displayed a good attitude and progressed well, although he admitted two occasions of drug use during the period. Plaintiff began a work release program in October 1973 and successfully maintained employment through the date of his discharge from the program.

On April 8, 1974, plaintiff was readmitted to The Patrician Movement because he was abusing drugs. During his stay, plaintiff interacted well with the counseling team and began vocational training in air conditioner repair. The counseling team noted that the plaintiff was "very motivated" towards completing school, but that excessive drinking could present a problem in the future. Plaintiff was discharged on July 30, 1974.

The only other reports in the record are from the Veterans Administration Hospital in Topeka, Kansas. These reports document plaintiff's treatment at the VA Hospital from January 1987 to November 1987.

Plaintiff began receiving treatment in January 1987 for complaints of alcohol and drug dependence. On admission, he related a long history of multiple drug abuse and several periods of incarceration. He indicated that his last chemical-free period was for one and one-half months starting in September 1986. He also reported symptoms of gastritis, chronic obstructive pulmonary disease, and tinnitus. Dr. Jay Giedd noted that plaintiff was alert, oriented and reasonably cooperative, but somewhat impatient, distrustful and depressed. During his stay at the VA Hospital, plaintiff was examined for various physical problems. Dr. Giedd found no need for intervention into any of those alleged problems. Plaintiff underwent extensive counseling for his alcohol and drug problems. Dr. Giedd had plaintiff evaluated for post-traumatic stress disorder, and determined that he was 10 percent disabled due to that condition. Plaintiff's depression was treated with Sinequan, and he was released on February 27, 1987, but was to return on March 9, 1987 for treatment in the post-traumatic stress disorder program. Although plaintiff began the program on March 11, 1987, he was discharged on June 2, 1987 because he would not cooperate with treatment. Plaintiff did attend counseling sessions at the hospital in November, 1987. Denise Jackson, a nurse responsible for the group therapy sessions, indicated that plaintiff's service-connected disability of twenty percent was underrated, and that she believed that plaintiff would never be able to maintain gainful employment. Plaintiff did indicate on November 6, 1987 that he was actively seeking employment with the United States Post Office.

Plaintiff testified at the hearing before the ALJ that prior to September 1980, and beginning with his service in the Army, he was addicted to drugs and alcohol. His addictions have caused him difficulty in maintaining employment over the years. He referred to his treatment at The Patrician Movement, indicating that although he completed the program, he began abusing drugs again following release. Plaintiff stated that he was incarcerated from 1976 to 1979. Plaintiff said that he was a heroin addict when he went to prison, but that he did not use any drugs while he was incarcerated. He did receive some medication and counseling for his drug problem while he was imprisoned. Plaintiff indicated that he began drinking and using drugs again following his release from prison. He did attempt to attend several schools, but did not successfully complete them. Plaintiff did work in 1980 as a laborer for several months, but was terminated for absenteeism. Plaintiff stated that he attended a Veterans Administration drug program in 1983 and 1984. Plaintiff testified that he continued to abuse drugs and alcohol after that treatment. He did work for approximately five months in 1984 or 1985, but again was fired by his employer for absenteeism. He continued to use drugs until he was admitted to the VA Hospital in Topeka in January 1987. Plaintiff indicated that the doctors at the VA Hospital diagnosed his condition as post-traumatic stress disorder. Plaintiff stated that he has continued to abuse drugs and alcohol following his discharge from the VA Hospital.

George Robert McClellan, a vocational expert, testified that if plaintiff's substance abuse did not interfere with his ability to concentrate, remember, follow instructions or relate to other people, he could return to some or all of his former jobs. If, however, plaintiff's substance abuse would cause attendance problems, or difficulty relating to co-workers and supervisors, Mr. McClellan testified that plaintiff would not be employable.

■ A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(a). This requires the claimant to prove an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). For determining whether a Social Security claimant is disabled, the Secretary has developed a five-

step sequential evaluation. 20 C.F.R. § 404.1520; *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir.1988). In this case, the Secretary proceeded only to step two. Step two requires the claimant to demonstrate that he has a medically severe impairment or combination of impairments. *Bowen v. Yuckert,* 482 U.S. 137, 140–41, 107 S.Ct. 2287, 2290–91, 96 L.Ed.2d 119 (1987). The determination at step two is governed by the Secretary's severity regulations and is based on medical factors alone. *Williams,* 844 F.2d at 750. A claimant "must provide medical evidence that [he had] an impairment and how severe it [was] during the time [he says he is] disabled." 20 C.F.R. § 404.1512(b). Medical evidence consists of signs, symptoms and laboratory findings. *Bernal v. Bowen,* 851 F.2d 297, 300 (10th Cir.1988). The evidence must come from "acceptable medical sources" including licensed physicians or psychologists. 20 C.F.R. § 404.1513(a). A claimant's statements regarding the severity of an impairment are not sufficient. *Bernal,* 851 F.2d at 300. In addition, information from "other sources," including social welfare agencies or non-medical sources, is not conclusive and is intended to supplement information from acceptable medical sources. 20 C.F.R. § 404.1513(c). The required showing under step two is *de minimis,* however. *Williams,* 844 F.2d at 751.

▬ In the present case, plaintiff presented no medical evidence covering the relevant time period. The only evidence from the relevant time period was the report from The Patrician Movement and a presentence report from a probation officer. Neither of these items qualifies as medical evidence from an acceptable medical source, and neither provides medical evidence of signs, symptoms and laboratory findings.

Plaintiff contends that the lack of medical evidence during the relevant period is not fatal to his case. Plaintiff seeks to rely upon his own testimony and the records from the VA Hospital concerning his 1987 treatment as support of his impairment. Plaintiff has cited several cases for the proposition that medical evaluations made

subsequent to the expiration of the claimant's insured status should be considered in determining whether the claimant was disabled prior to the end of insured status.

This court agrees with the plaintiff that medical reports made after the expiration of the claimant's insured status may be considered in determining the onset date of disability. *See, e.g., Basinger v. Heckler,* 725 F.2d 1166, 1169 (6th Cir.1984). However, the records in this case provide an inadequate basis for a conclusion that plaintiff was disabled prior to the expiration of his insured status. The reports in this case, both those generated prior to the expiration of plaintiff's insured status and those produced after the expiration of plaintiff's insured status, fail to provide adequate support that plaintiff was disabled prior to March 31, 1977. The reports of The Patrician Movement and the probation officer are inadequate without any supporting medical documentation. Moreover, these reports fail to clearly show that plaintiff had significant difficulty functioning in work or social settings. In addition, the reports of the VA Hospital clearly fail to show that plaintiff was disabled prior to March 31, 1977. The reports do indicate that plaintiff had a history of drug and alcohol abuse and that he was diagnosed as having post-traumatic stress disorder, but they do not indicate that plaintiff was disabled prior to the expiration of his insured status. Finally, plaintiff's testimony is insufficient, without supporting medical evidence, to establish a disability. In sum, the Secretary's refusal to find a disability based on the lack of medical evidence is fully supported by substantial evidence in the record. As Judge Theis of this court recently stated in *Tucker v. Sullivan,* 724 F.Supp. 825, 829 (D.Kan.1989):

> The court is sympathetic with plaintiff's situation; however, disability is a medical determination. Plaintiff cannot establish a disability without some medical evidence as to his condition during the relevant time period.

▬ The court next turns to plaintiff's alternative argument. The court is aware of only one case, the case cited by plaintiff,

that supports this argument. In *Cassel*, Judge Carrigan of the District of Colorado held that a claimant may be found to be disabled where his present disability is traceable to a condition that was latent at or prior to the time when he was last insured. 493 F.Supp. at 1058. Relying on a liberal construction and application of the Social Security Act as a remedial statute, Judge Carrigan stated:

> Just as a statute of limitations … would not run on a workers' compensation claim until a disability became evident, it seems sensible that a disability (once it becomes evident) should relate back to the period of disability insurance coverage, if the disability clearly is traceable to a latent condition that existed when the person was insured. Although a disability period runs from "the day the disability began," ascertainment of that starting point in the case of a latent disability requires identification of when the underlying, but dormantly disabling, condition had its inception.

*Id.*

With all due respect to Judge Carrigan's opinion, we are unwilling to follow it. We feel compelled to follow the dictates of the Tenth Circuit and the other courts which require that a claimant prove that he suffered from a disability which existed at or prior to the time when he was last insured. *Johnson v. Finch*, 437 F.2d 1321, 1322 n. 2 (10th Cir.1971); *Arnone v. Bowen*, 882 F.2d 34, 38 (2d Cir.1989); *Cruz Rivera v. Secretary of Health and Human Services*, 818 F.2d 96, 97 (1st Cir.1986); *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986); *Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir.1984). These cases stand for the proposition that if a claimant suffers from an impairment which existed during the period of coverage, but which became disabling after the period had expired, the claimant is not entitled to benefits. We believe that this is the better-reasoned position in light of the language contained in the Social Security Act. The holding adopted in *Cassel* requires intervention by Congress. We also note that several cases have expressly rejected *Cassel*. *See Basinger*, 725 F.2d at 1168; *Koss v. Schweiker*, 582 F.Supp. 518, 522 n. 3 (S.D.N.Y.1984).

In conclusion, the court finds that the Secretary's decision is supported by substantial evidence. The court shall grant defendant's motion for an order affirming the Secretary's decision and deny plaintiff's motion for summary judgment.

IT IS THEREFORE ORDERED that defendant's motion for an order affirming the Secretary's decision be hereby granted. The Secretary's decision is hereby affirmed.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment be hereby denied.

IT IS SO ORDERED.