Homer **FLINT**, Plaintiff–Appellant,

v.

Louis W. **SULLIVAN**, M.D., Secretary of Health and Human Services of the United States, Defendant–Appellee.

No. 90–3267.

United States Court of Appeals, Tenth Circuit.

Dec. 9, 1991.

---

Kenneth M. Carpenter, Carpenter, Chartered, Topeka, Kan., for plaintiff-appellant.

Janet Braggs, Asst. Regional Counsel, Dept. of Health and Human Services, Kansas City, Mo. (Lee Thompson, U.S. Atty., D. Brad Bailey, Asst. U.S. Atty., Topeka, Kan., on the brief, Frank V. Smith III, Chief Counsel, Region VII, Dept. of Health and Human Services, Kansas City, Mo., of counsel), for defendant-appellee.

Before HOLLOWAY and SETH, Circuit Judges, and DUMBAULD, District Judge *.

SETH, Circuit Judge.

Claimant Homer Flint appeals from the district court's order of July 31, 1990, 743 F.Supp. 777, affirming the Secretary of Health and Human Services' decision to deny claimant's application for social security disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* He contends that the Secretary erred in finding that he was not under a disability during an insured period. Specifically, he argues that the Secretary's decision applied incorrect legal standards and was not supported by substantial evidence. Second, he claims that even if his current disability was not diagnosed until 1987 its inception can be traced back to a period when he had "insurance".

The controversy in this case centers on the date of the onset of claimant's disability. Homer Flint was born on August 30, 1947. Between October 24, 1967 and October 14, 1970 he served as an Army medical corpsman completing tours of duty in Vietnam and France. He testified that he saw extensive combat during his tour in Vietnam. Claimant was discharged in 1972 due to a military determination of unfitness and drug abuse.

After discharge from the Army, claimant struggled with alcohol and drug dependency. The record demonstrates that he worked short-term jobs in 1972 and 1973 but was unable to hold a steady position due to his addictions. He spent some time in prison for burglary charges in 1972 and 1973.

From July 23, 1973 to November 9, 1973 and from April 4, 1974 to July 30, 1974, Flint participated in "The Patrician Movement," a substance abuse and vocational rehabilitation program. Patrician Movement reports indicate that claimant's heavy drug use began in Vietnam. The reports state that Flint continued to abuse drugs while in the program and after discharge. He was discharged from the Patrician Movement, however, because he was able to maintain steady employment during a work release phase of the program.

Between 1976 and 1979, Flint was incarcerated in Texas for additional burglary

* Honorable Edward Dumbauld, United States District Judge for the Western District of Pennsylvania, sitting by designation.

charges. In 1980, he worked for approximately ten months in assembly line work. The administrative law judge (ALJ) found this to be his last relevant work experience for purposes of insurance under the Social Security Act.

In Homer Flint's application for disability benefits, filed on February 11, 1987, he stated that his disability was the result of post-traumatic stress disorder, stomach problems and tinnitus. He initially alleged that his disability began in October 1981. He later amended his application to allege an onset date of "sometime in 1980—no later than 9/30/80" after the Social Security Administration informed him that his insured status under the Act expired on September 30, 1980.

Claimant's application was denied initially and again upon reconsideration. He requested and received a de novo hearing before an ALJ. On August 31, 1988, the ALJ issued a decision finding that Flint's disability did not occur while he was insured under the Act. On October 25, 1988, Flint filed a request for review to the Appeals Council of the Social Security Administration.

The Appeals Council granted the request. In a February 8, 1989 letter, the Council informed claimant that it planned to rule that the ALJ erred in finding the last date of coverage under the Act was September 30, 1980. According to the Appeals Council the last day of coverage under the Act was March 1, 1977. Flint was informed that absent new and material evidence or pertinent legal argument, the Appeals Council would find that he was not disabled. Flint was given twenty days to submit such evidence or further written statements as to facts or law. Two responses were submitted.

On February 27, 1989, Flint filed a "Request for Review of Hearing Decision/Order." It stated: "[m]y disability and resulting long term hospitalization prevents me from obtaining and maintaining substantial gainful employment, and that this has been the case since my return from Vietnam." (The hospitalization referred to Flint's admission to the Veteran's Adminis-

tration Hospital in Topeka, Kansas in 1987.) An accompanying letter was sent to the Social Security Administration by Flint's recently retained counsel requesting a thirty-day extension to submit additional evidence. On March 27, 1989, an addendum to Flint's request for review was sent. It stated in part:

"The claimant asserts that the medical evidence establishes that he has been under a disability is (sic) defined in 20 CFR 404.1520(E) since it (sic) least 1–29–87 due to a condition and its complications which existed in a latent state before March 31, 1987 (sic)."

We assume he meant March 31, 1977, the date the Appeals Council referred to as his last date of insurance, not March 31, 1987.

On May 1, 1989, the Appeals Council issued its final decision rejecting claimant's application for disability benefits. It found as follows:

"1. The claimant alleged his disability commenced on September 30, 1980.

"2. The claimant last met the disability insured status requirements on March 31, 1977.

"3. The claimant's insured status had expired prior to his alleged onset date of disability.

"4. The claimant was not under a disability as defined in the Social Security Act, as amended, at any time through March 31, 1977, his date last insured."

This became the final decision of the Secretary which was upheld by the district court.

■ Our review of the Secretary's determination is limited. It is well established that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g); see also Bernal v. Bowen, 851 F.2d 297, 302–03 (10th Cir.). "Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the Secretary." Pacheco v. Sullivan, 931 F.2d 695, 697 (10th Cir.). Substantial evidence requires "more than a scintilla but less than a preponderance." Campbell v. Bowen, 822 F.2d 1518, 1521 (10th Cir.).

To qualify for disability insurance benefits under the Act, a claimant must meet the insured status requirements, be less than 65, and be under a "disability". Under 42 U.S.C. § 423(d):

"(1) The term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; ...

....

"(2) For purposes of paragraph (1)(A)—

"(A) An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...."

In determining whether a claimant is eligible for disability benefits, the Secretary applies a sequential five-step process. *See Reyes v. Bowen*, 845 F.2d 242, 243 (10th Cir.). The burden of proof initially rests on the claimant to show that he is disabled. Once such a showing is made, the burden shifts to the Secretary to show that claimant can perform jobs existing in the national economy. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir.).

In Homer Flint's application for benefits, both the ALJ and the Appeals Council found that Flint failed to prove that he was disabled during an insured period. Flint does not contest the March 31, 1977 date for termination of his insured status. Instead, he challenges the Secretary's reliance on the lack of medical records during the insured period to deny benefits. He states that a finding of disability can be based on claimant's subjective testimony concerning the onset of his post-traumatic stress disorder, Veterans Administration Hospital reports from 1987 diagnosing Flint's condition and an objective reading of the earnings reports.

While we agree with claimant that retrospective diagnosis and subjective testimony can be used to diagnose a physical or mental condition, this type of evidence alone cannot justify an award of benefits. In *Potter v. Secretary of Health & Human Serv.*, 905 F.2d 1346 (10th Cir.), we recently addressed an application for disability benefits by a claimant suffering from multiple sclerosis which was diagnosed four years after her insured status expired. We affirmed the Secretary's denial of benefits even though the claimant introduced numerous retrospective opinions diagnosing her disease. We stated that "the relevant analysis is whether the claimant was actually *disabled* prior to the expiration of her insured status. A retrospective diagnosis without evidence of actual disability is insufficient." *Id.* at 1348–49 (citations omitted). *See also Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir.). ("Subjective complaints of pain or other symptoms may support a claim of disability. However, these complaints must be evidenced by an underlying medical condition....")

After carefully reviewing the record, it is apparent that the ALJ and Appeals Council recognized the need for some evidence of an actual disability during the period that claimant maintained insured status. The subjective testimony of the appellant and objective medical evidence after 1987 was considered and rejected because it was not substantiated by evidence in the record pertinent to the insured period. The only evidence from the 1970's in the record, the Patrician Movement records and the probation reports, shows that Flint had a serious drug problem but also shows that he was willing to work and was able to obtain employment. We agree with the district court that a reasonable mind viewing all the evidence would support the conclusion of the Secretary.

Appellant's second argument to the Appeals Council and to this Court is that claimant's post-traumatic stress disorder was not diagnosed prior to March 31, 1977 because it existed in a latent state. The Appeals Council rejected this argument finding that "while the onset of the claim-

ant's impairments may be traceable to events which occurred during a period of coverage, there is no evidence to suggest that the claimant experienced disabling effects of these impairments during the relevant period." Claimant argues to this Court that the reason his disease was not found to be disabling during the relevant period is that prior to 1980, post-traumatic stress disorder was not officially recognized by the American Psychiatric Association.

The existence or absence of a diagnosis with a name for a physical or mental condition is a significant medical consideration. However, again it must be stated that the issue is the existence of a disability at a particular time and not the identification of a cause.

There is substantial evidence in this record to support a denial of disability benefits, and no deviation from established legal standards.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.