961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank W. BUNCE, Plaintiff-Appellant,
v.
HEALTH and HUMAN SERVICES of the UNITED STATES, SECRETARY
of, Louis W. SULLIVAN, M.D., Defendant-Appellee.
 No. 91-3281.
 United States Court of Appeals, Tenth Circuit.
 April 14, 1992.
 
 Before SEYMOUR and STEPHEN H. ANDERSON, Circuit Judges, and SAM,* District Judge.
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff brought this action under 42 U.S.C. § 405(g) after the Secretary of Health and Human Services (Secretary) denied his application for Social Security disability benefits under Title II of the Social Security Act.[1] Plaintiff filed a second application for disability benefits on November 1, 1988,[2] alleging disability since July 1, 1975, due to pain in his hands, neck, and knees, severe headaches, depression, anxiety, and diverticulum of the colon. Appellant's Br. at 2-3. The parties agree that Plaintiff met the earnings requirements of the Act[3] only through December 31, 1980. Therefore, in order to receive benefits, he must establish his disability prior to that date.
 
 
 3
 Plaintiff's request for benefits was denied initially and on reconsideration. Appellant's App. at 24-26, 28-29. After a hearing, the administrative law judge (ALJ) denied Plaintiff's application. Id. at 83-89. The Appeals Council denied review, id. at 113-14, and the district court affirmed the Secretary's decision. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 4
 The ALJ determined that prior to the expiration of his insured status, Plaintiff had the residual functional capacity to perform sedentary work with the restrictions noted by the ALJ, and that Plaintiff's skills could have been applied to meet the requirements of other work that existed in significant numbers in the national economy. Appellant's App. at 88.
 
 
 5
 In the district court and on appeal, Plaintiff asserts that (1) the ALJ's decision was not supported by substantial evidence, (2) he is entitled to benefits based on his "latent disability," and (3) the ALJ failed to evaluate properly his mental impairment.
 
 
 6
 We review the Secretary's decision of nondisability to determine if it is supported by substantial evidence. Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In reviewing the Secretary's decision, we cannot weigh the evidence or substitute our discretion for that of the Secretary, but we have the duty to carefully consider the entire record and make our determination on the record as a whole. Dollar v. Bowen, 821 F.2d 530, 532 (10th Cir.1987).
 
 
 7
 The Secretary has established a five-step sequential evaluation process to determine if a claimant is disabled. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988) (listing five steps); 20 C.F.R. § 404.1520 (1991). The burden of proof initially rests on the claimant to establish his disability. See Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989). Once such a showing is made, the burden shifts to the Secretary to show that the claimant can perform jobs existing in the national economy. Id.
 
 
 8
 The "latent disability doctrine" raised by Plaintiff requires some evidence of an actual disability during the period claimant maintained insured status. Flint v. Sullivan, 951 F.2d 264, 267 (10th Cir.1991). "[T]he relevant analysis is whether the claimant was actually disabled prior to the expiration of her insured status. A retrospective diagnosis without evidence of actual disability is insufficient." Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1348-49 (10th Cir.1990) (citation omitted).
 
 
 9
 We have carefully examined the record, including a lengthy and thorough decision by the ALJ and a comprehensive opinion by the district court. We have considered Plaintiff's arguments in light of the record, and we agree with the district court that substantial evidence supports the Secretary's decision that Plaintiff was not disabled within the meaning of the Social Security Act, prior to the expiration of his insured status on December 31, 1980. We therefore affirm the judgment of the district court.
 
 
 10
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 42 U.S.C. §§ 401-433
 
 
 [2]
 A previous denial of benefits was not appealed to the district court. See Appellant's App. at 21, 34
 
 
 [3]
 See 20 C.F.R. § 404.130 (1991)