5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Felix D. CORDOVA, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-2284.
 United States Court of Appeals, Tenth Circuit.
 Aug. 26, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Felix Cordova appeals from an order affirming the decision of Donna Shalala, the Secretary of Health and Human Services. Plaintiff applied for disability insurance benefits and supplemental security income, alleging he was disabled since August 15, 1987, due to schizophrenia. The ALJ found that plaintiff was disabled, and the onset date of his disability was January 11, 1989. Because plaintiff's insured status expired on September 30, 1987, however, he was not entitled to disability insurance benefits.
 
 
 4
 Plaintiff challenges the determination that the onset date of his disability was January 11, 1989. He argues that there is no evidence he could have returned to his past relevant work of maintenance worker before January 11, 1989. He further argues that the Secretary erred by failing to follow SSR 83-20, 1983 WL 31249 (S.S.A.), in determining the onset date of his disability.
 
 
 5
 In a case involving the onset date of a disability, "the relevant analysis is whether the claimant was actually disabled prior to the expiration of [his] insured status." Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1348-49 (10th Cir.1990). We uphold the Secretary's findings of fact if they are supported by substantial evidence. Flint v. Sullivan, 951 F.2d 264, 266 (10th Cir.1991).
 
 
 6
 The district court concluded substantial evidence supported the finding that plaintiff was able to perform simple, nonstressful work activities before January 1989, and therefore was not actually disabled prior to that date. It further concluded that the ALJ properly applied SSR 83-20. We have carefully reviewed the entire administrative record[2] and find no reason to repeat or elaborate on the facts or law as presented in the district court's memorandum opinion and order.
 
 
 7
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED for substantially the same reasons set forth in the memorandum opinion and order.
 
 
 
 **
 Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 This court ordered plaintiff to file a supplemental appendix containing the complete administrative record