9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 George P. SLOCUM, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-2033.
 United States Court of Appeals,
 Tenth Circuit.
Oct. 19, 1993.
 
 1
 Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant George P. Slocum alleges that he has been disabled since November 1982 due to back and other problems, and he applied for disability and supplemental security income benefits in November 1987. His insured status for disability benefits expired on March 31, 1984. An administrative law judge (ALJ) determined that Mr. Slocum became disabled in June 1987, and that he was therefore eligible for SSI benefits but not disability benefits. The district court affirmed the denial of disability benefits, and Mr. Slocum appeals. We reverse and remand for further proceedings.
 
 
 4
 Because Mr. Slocum claims disability beginning in November 1982 and his insured status ended on March 31, 1984, his eligibility for disability benefits depends on whether he was disabled between November 1982 and March 1984. The evidence of Mr. Slocum's disability during this period comes almost entirely from Mr. Slocum's testimony because he did not receive any medical treatment during this period. That evidence is as follows:
 
 
 5
 Mr. Slocum was forty-two years old when he applied for benefits, and he had a seventh grade education. He injured his back in a motor vehicle accident in 1970 and had several back surgeries around 1977 and 1978, including implantation of a Harrington rod and fusion of several vertebrae. He received disability benefits from 1977 to 1982, when the benefits were terminated for reasons not disclosed in the record. His past relevant work was as a construction plasterer, oil field roughneck, and auto mechanic.
 
 
 6
 Mr. Slocum testified that his back pain was alleviated somewhat by the operations, but that that pain was replaced by pain of equal severity in his hips and legs. He could walk for only about one-half hour because of pain in his back, legs, and hips. He could comfortably sit for only ten or fifteen minutes, and he spent about half the daylight hours lying down. Reaching with his arms bothered his hips and lower back, and he also had difficulties bending over. He had hearing problems since his operations. He took prescriptive pain medications (Tylenol 3 and valium) until about the time that his benefits were terminated in 1982, but discontinued their use because he felt he was becoming addicted to them.
 
 
 7
 The ALJ found Mr. Slocum's testimony to be "very honest and forthright," Appellant's App. at 79, and "granted [it] significant credibility," Supp.App. at 14. A vocational expert testified that Mr. Slocum's past relevant work would be classified as medium work. The ALJ concluded that Mr. Slocum's impairments prior to 1987 prevented him from performing medium work and returning to his past relevant work. However, the ALJ concluded that he could perform light work and that he was therefore not disabled. The ALJ based this conclusion on medical and other evidence subsequent to June 1987 and on the absence of evidence to the contrary prior to that time. As he stated in his decision,
 
 
 8
 considering the lack of medical evidence concerning the claimant's condition prior to June, 1987 as well as the fact that the claimant was able to engage in significant work activity, albeit not substantial gainful activity, for a significant period during 1988 and 1989, the record fails to document objective or subjective limitations on the claimant's capacity to perform a full range of light work prior to June, 1987.
 
 
 9
 Supp.App. at 14.
 
 
 10
 Our role is to determine whether the record as a whole contains substantial evidence supporting the ALJ's decision. Brown v. Bowen, 801 F.2d 361, 362 (10th Cir.1986). Evidence is not substantial if it is overwhelmed by other evidence or it is actually mere conclusion. Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988). To be substantial, the evidence must be "more than a mere scintilla" and must be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir.1993)(quotations omitted). We must also determine whether the Secretary's action is consistent with the Social Security Act and the relevant regulations and case law. See Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984).
 
 
 11
 The Secretary has established a five-step evaluative process for determining whether a claimant is disabled. See Williams, 844 F.2d at 750-52. Through the first four steps, which culminate with the requirement that a claimant show he can not return to his past relevant work, the burden of proving a prima facie case of disability is on the claimant. Id. at 751 and n.2. Once a claimant makes a prima facie case, the burden of proof shifts to the Secretary to show that the claimant retains the capacity to perform other work in the national economy. Id. at 751. Mr. Slocum's primary contention is that the ALJ erred at step five by placing the burden on him to prove that he could not perform light work after the ALJ determined that he could not return to his past relevant work. We agree.
 
 
 12
 The Social Security regulations define light work as work that
 
 
 13
 involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities.
 
 
 14
 20 C.F.R. 404.1567(b). Though the ALJ's determination that Mr. Slocum could perform light work must be supported by substantial evidence, Thompson, 987 F.2d at 1491, there is no evidence in the record that Mr. Slocum can do any of these activities. The ALJ based his determination on the absence of contrary evidence, but
 
 
 15
 [t]he absence of evidence is not evidence. The ALJ's reliance on an omission effectively shifts the burden back to the claimant. It is not [his] burden, however, to prove [he] cannot work at any level lower than [his] past relevant work; it is the Secretary's burden to prove that [he] can.
 
 
 16
 Id.
 
 
 17
 The Secretary argues that Thompson should not apply in this case because of the absence of medical evidence of Mr. Slocum's condition during the relevant period. She contends that even had the ALJ obtained a consultative medical examination of Mr. Slocum to retrospectively assess his functional abilities during the relevant period, that assessment would have been insufficient to determine disability because it would not be supported by requisite evidence of actual disability prior to the expiration of his insured status, citing Flint v. Sullivan, 951 F.2d 264, 267 (10th Cir.1991) and Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1348-49 (10th Cir.1990). She further contends that the ALJ only considered the lack of relevant medical evidence "as a factor to be considered with other and subsequent medical evidence in his finding that appellant was not disabled prior to [March 31, 1984]." Appellee's Br. at 17-18.
 
 
 18
 Flint and Potter do not support the Secretary's argument. Those cases hold that subsequent evidence or retrospective diagnosis without evidence of actual disability during the relevant period is not sufficient to show disability at that time. They do not allow the Secretary to place--on a claimant who has already met his burden of proving his disability--the additional burden of proving what else he could not do during the relevant period. Moreover, we see little relevance in evidence of Mr. Slocum's condition in 1987 and later as to whether he was disabled between 1982 and 1984, particularly since he was disabled between 1977 and 1982.
 
 
 19
 In its analysis, the district court noted that an important issue was whether the ALJ properly fixed the onset date of Mr. Slocum's disability. The court determined that Flint and Potter supported the ALJ's determination of June 1987 as the onset date because the evidence did not substantiate the existence of disability prior to that date. This analysis, however, ignores the fact that the ALJ determined that Mr. Slocum made a prima facie showing that he was disabled prior to that date. Moreover, the Secretary has not objected to that determination. The onset analysis of Flint and Potter is irrelevant.
 
 
 20
 We conclude that the case must be remanded to the Secretary for development of the record (at step five) concerning whether Mr. Slocum could perform light work as available in the national economy between November 1982 and March 1984. The judgment of the United States District Court for the District of New Mexico is therefore REVERSED, and the case is REMANDED for proceedings consistent with this order and judgment.[2]
 
 
 
 **
 Honorable RalphG. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Mr. Slocum has been represented by attorney Gary J. Martone throughout these proceedings. On this appeal, Mr. Martone initially filed an incomplete record that was inadequate for us to address the merits of Mr. Slocum's claim. We ordered Mr. Martone to file a supplemental record containing a copy of the complete administrative record. Because in a number of previous cases, the court had to order Mr. Martone to supplement the record, we also imposed sanctions against him. Mr. Martone did file a supplemental record. However, he filed it a week late, and it still did not contain the complete administrative record, though it was sufficient for us to address Mr. Slocum's claims
 We note Mr. Martone's consistent failure to follow the court's orders because the result in this case may lead to his filing a request for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. 2412(d), and/or the Social Security Act, 42 U.S.C. 406(b). Mr. Martone's poor performance, which could have resulted in dismissal of this appeal, should be considered, as appropriate, in addressing any application for fees Mr. Martone may file.