61 F.3d 915
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lobna S. GOLBABA, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 94-5220.
 United States Court of Appeals, Tenth Circuit.
 July 21, 1995.
 
 Before MOORE, SETH, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Lobna Golbaba appeals the district court's order affirming the denial of her application for social security disability benefits by the Secretary of Health and Human Services (Secretary). After her claim was denied administratively, a hearing was held before an administrative law judge (ALJ) who denied benefits at step four of the five-step sequential evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988)(discussing five steps), concluding that claimant retained the capacity to return to her past work as a manufacturing systems engineer.
 
 
 3
 The parties agree that claimant met the earnings requirements of the Social Security Act (Act), 42 U.S.C. 401-433, only through March 31, 1989. See 20 C.F.R. 404.130. Therefore, in order to receive benefits, claimant must establish her disability prior to that date. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir.1993)("The dispositive question is, therefore, whether she could return to her past relevant work on or prior to that time.").
 
 
 4
 We review the Secretary's decision to determine whether the findings of fact are supported by substantial evidence based on the entire record, and to ascertain whether she applied the correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994). We affirm.
 
 
 5
 Claimant alleges disability since March 30, 1989, due to back and leg pain, headaches, depression, and other complications arising from injuries she sustained in an automobile accident on that date. Unless claimant's impairments had lasted or were expected to last for a continuous period of not less than twelve months, she was not disabled within the meaning of the Act. 42 U.S.C. 416(i)(1). Claimant's medical records indicate that she was not permanently disabled as of March 30, 1989. Appellant's app. at 184 (April 11, 1989: normal spine study); id. at 177 (August 30, 1989: normal MRI) id. at 174 (September 8, 1989: claimant to start working again as tolerated); id. at 170 (November 17, 1989: normal electrodiagnostic examination). Claimant points to no evidence to establish that she was permanently disabled before her insured status expired.
 
 
 6
 We recognize that one of claimant's treating physicians, Dr. Welden, submitted an opinion that claimant was permanently disabled as of November 15, 1990. But Dr. Welden did not begin treating claimant until January of 1990, and the doctor's opinion did not state that claimant was disabled prior to the expiration of her insured status, March 31, 1989. Cf. Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1349 (10th Cir.1990)("A retrospective diagnosis without evidence of actual disability is insufficient.").
 
 
 7
 Moreover, claimant did not testify about her condition as it existed before March 31, 1989, and the record contains no medical evidence that she was permanently disabled prior to March 31, 1989. Even though claimant may be disabled today, the record does not support a finding that she was disabled under the Act prior to the expiration of her insured status. See id. at 1348-49 ("[T]he relevant analysis is whether the claimant was actually disabled prior to the expiration of her insured status.").
 
 
 8
 We have carefully reviewed the record, and we have considered claimant's arguments in light of the record. Claimant did not meet her burden of proof, Henrie, 13 F.3d at 361, to present "some evidence of an actual disability during the period that claimant maintained insured status," Flint v. Sullivan, 951 F.2d 264, 267 (10th Cir.1991). Because claimant failed to show she was precluded from returning to her past relevant work prior to March 31, 1989, the ALJ was under no obligation to seek additional information from a vocational expert. Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir.1994). Accordingly, we conclude that substantial evidence supports the Secretary's decision to deny claimant's application for disability benefits.
 
 
 9
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470