**Delores June BANNING, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART,\* Commissioner of Social Security Administration, Defendant–Appellee.**

No. 01–6360.

United States Court of Appeals, Tenth Circuit.

May 20, 2002.

Before SEYMOUR, PORFILIO, and BALDOCK, Circuit Judges.

### ORDER AND JUDGMENT \*\*

PORFILIO, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir.

---

\* On November 9, 2001, Jo Anne B. Barnhart became the Commissioner of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Ms. Barnhart is substituted for Larry G. Massanari as the appellee in this action

\*\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

R. 34.1(G). The case is therefore ordered submitted without oral argument.

Delores June Banning appeals from the district court's order affirming the decision of the Commissioner of Social Security. In that decision, the Commissioner denied Mrs. Banning's applications for widow's disability insurance benefits and supplemental security income benefits made under the Social Security Act. *See* 42 U.S.C. §§ 402(e), 423. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm.

The factual and procedural history of this case is well documented in the findings and recommendation of the magistrate judge filed February 6, 2001, and we need summarize them here only briefly. The ultimate question before the Commissioner was whether Mrs. Banning was disabled between January 1, 1986, and November 6, 1998, the date of the decision denying benefits issued after an evidentiary hearing before an administrative law judge (ALJ).

After reviewing Mrs. Banning's medical records through February 1998 and hearing her testimony, with the assistance of a vocational expert, the ALJ concluded that Mrs. Banning retained the residual functioning capacity to perform a limited range of light work. Aplt.App. Vol. II at 22–24. Mrs. Banning administratively appealed to the Appeals Council, submitting an opinion from psychiatrist Dr. Robert Beasley dated November 29, 1999, and additional treatment notes from October 13, 1998, through October 1999. The Council reviewed this evidence and affirmed the denial of benefits, concluding that the additional evidence did not provide a basis for changing the ALJ's decision. *Id.* at 4–6; *see also* 20 C.F.R. § 404.970(b) ("the Appeals Council shall consider the additional [medical] evidence only where it relates to the period on or before the date of the administrative law judge hearing deci-

sion"). The district court affirmed on appeal, holding that the new medical evidence submitted to the Council was not material or relevant to the question of whether Mrs. Banning was disabled before November 6, 1998. *Id.* Vol. I at 121. Our review is limited to determining whether the ALJ's decision is supported by substantial evidence on the whole record and comports with relevant legal standards. *See Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800–01 (10th Cir. 1991).

■ Mrs. Banning raises three claims of error on appeal: (1) the Commissioner neglected the duty to fully develop the medical record by failing to obtain treating physician Dr. Sally Berger's reports made after November 11, 1999; (2) the Commissioner erred in not setting out reasons for refusing to review the ALJ's decision in light of the new medical evidence from Dr. Beasley; (3) the case should be remanded so that Dr. Berger may be subpoenaed to testify regarding Mrs. Banning's condition before June 30, 1999, the last date that Mrs. Banning was eligible to apply for widow's disability benefits.

Claimant's second issue is not properly before this court, as it was not raised in the district court. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir.1994). We therefore decline to address it. Moreover, were we to consider it, we would find it unpersuasive.

■ As to issues one and three, the magistrate judge thoroughly reviewed the medical record and determined that, because Mrs. Banning's first contact with Dr. Berger occurred after November 6, 1998, and there was no evidence of actual disability in the medical record before that date, any retrospective opinion she might have would be insufficient to establish disability. Aplt.App. Vol. I at 104; *see also Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir.1991) (holding that retrospective diag-

nosis without evidence of actual disability in medical record is insufficient). The magistrate judge further concluded that remand was unwarranted because no newly-submitted relevant medical evidence suggested that Mrs. Banning was disabled before November 6, 1998. Aplt.App. Vol. I at 106; *see also Hargis v. Sullivan,* 945 F.2d 1482, 1493 (10th Cir.1991) (stating that proffered documents must relate to the period of time for which benefits were denied).

We have carefully reviewed the entire record, the parties' arguments, and the relevant law. For substantially the same reasons as set forth in the magistrate judge's recommended disposition filed February 6, 2001, we conclude that the Commissioner's decision is supported by substantial evidence on the whole record and comports with the relevant legal standards, and that remand is not warranted.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

