**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARTA STEWART, o/b/o John Stewart,
deceased,

     Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

     Defendant - Appellee.

No. 15-3099
(D.C. No. 6:13-CV-01396-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Marta Stewart, appearing pro se and on behalf of her deceased husband, John

Stewart, appeals the district court's judgment affirming the Commissioner's denial of

Mr. Stewart's application for disability insurance benefits.  Exercising jurisdiction

under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Stewart worked as a commercial truck driver from 2002 until November 2009, when he injured his right shoulder at work. After surgery and physical therapy, he filed his benefits application, alleging disability due to his shoulder injury. After the agency denied the application initially and on reconsideration, Mr. Stewart sought a hearing before an administrative law judge (ALJ). But two weeks prior to the scheduled hearing in 2012, Mr. Stewart committed suicide. Mrs. Stewart, substituted as a party, testified at the hearing. Among other things, she said Mr. Stewart had been diagnosed with bipolar disorder in 1993 but had received no recent treatment and was not taking any medications for that condition prior to his death. She attributed the lack of recent treatment to an inability to pay for it, and the lack of medication to her husband's opposition to prescription drugs that don't "do anything except just veg you out." R. at 128–29.

Based on the absence of any reference to bipolar disorder in the medical evidence, the ALJ found the existence of bipolar disorder had not been medically determined and excluded it from the disability calculus. *See* SSR 96–4p, 1996 WL 374187, at *1 (July 2, 1996) (explaining that "regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings"). And the ALJ determined that Mr. Stewart's shoulder impairment, although severe, did not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the Listings). Further, the ALJ found that prior to

2

his death, Mr. Stewart retained the residual functional capacity (RFC) to perform work at the medium exertional level with only occasional overhead reaching or lifting with his right upper extremity. With that RFC, the ALJ found that Mr. Stewart could not have returned to his past relevant work as a truck driver but could have performed other work that exists in significant numbers in the national economy. The ALJ therefore denied benefits at the fifth and final step of the agency's evaluation process.

Mrs. Stewart appealed to the Appeals Council and in support, submitted medical records from Mr. Stewart's 17-day hospital stay in 1993. Those records showed that Mr. Stewart had voluntarily admitted himself, complained of depression accompanied by suicidal ideation, and reported that he had attempted suicide as a teenager some 20 years earlier. After being diagnosed with bipolar and personality disorders and treated with lithium, he was released with a prescription for a one-month supply of lithium and instructions to follow up regarding his medications. The Appeals Council considered the evidence but denied review, concluding it provided no basis for changing the ALJ's decision. The district court affirmed the denial of benefits and Mrs. Stewart appeals.

Our task in this appeal is limited to determining whether substantial evidence supports the agency's factual findings and whether the agency applied the correct legal standards. *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000). Because Mrs. Stewart was represented by counsel before the district court, we construe only her pro se appellate filings liberally, *see Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir.

3

1994), bearing in mind that fundamental procedural rules apply to her in the same manner they apply to all litigants, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005).

Mrs. Stewart contends that we should remand because the 1993 hospital records she submitted to the Appeals Council might reasonably have made a difference in the outcome. But the "reasonable difference" standard, drawn from *Cagle v. Califano*, 638 F.2d 219, 221 (10th Cir. 1981), applies when the additional evidence is first presented to the courts. Where, as here, the additional evidence is first presented to the Appeals Council and the Council considers it but denies review, the additional evidence becomes part of the administrative record, and we must consider the entire record, including the additional evidence, in conducting our substantial-evidence review. *Martinez v. Barnhart*, 444 F.3d 1201, 1208 (10th Cir. 2006).[1]

Having done so, we agree with the Appeals Council that the 1993 hospital records do not provide a basis for altering the ALJ's decision. The records appear to contain the medical determination of a mental impairment that the ALJ found lacking. And Mrs. Stewart may be correct that bipolar disorder is a lifelong disorder. But the 1993 records contain no indication of any functional limitation caused by

---

[1] Because our precedent is clear on this point, we reject Mrs. Stewart's invitation to apply the Ninth Circuit's "credit-as-true" rule, which allows a court to credit evidence as true and remand for an immediate award of benefits when certain conditions (none of which appear present here) are met. *See Garrison v. Colvin*, 759 F.3d 995, 1019–21 (9th Cir. 2014).

Mr. Stewart's bipolar disorder during the relevant period—from his alleged onset date in November 2009 through his death in July 2012. And that is the crucial question in a disability determination. *See Flint v. Sullivan*, 951 F.2d 264, 268 (10th Cir. 1991) (explaining that while the existence of a diagnosis is a significant medical consideration, the issue in a disability determination is the existence of a disability during the relevant period, not the identification of a cause).

As she argued in the district court, Mrs. Stewart argues here that the fact Mr. Stewart committed suicide shows that his bipolar disorder rendered him disabled. She points out that a claimant is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment *which can be expected to result in death* or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1) (emphasis added). But even assuming Mr. Stewart's suicide could be attributed to his bipolar disorder, Mrs. Stewart's argument overlooks that a disability finding turns on whether an impairment precludes a claimant from "engag[ing] in any substantial gainful activity," *id.*, not whether it actually or eventually results in death. Instead, the phrase "expected to result in death" in § 416(i)(1), like the statute's alternative phrase, "can be expected to last . . . 12 months," qualifies the impairment's expected duration. And even if Mrs. Stewart is correct that her husband's bipolar disorder and unemployment placed him at a disproportionately high risk for suicide, it doesn't amount to evidence that he was unable to "engage in any substantial gainful activity by reason of [his bipolar disorder]." *Id.*

5

Nor does the 1993 evidence indicate whether Mr. Stewart's mental impairment precluded him from working after his alleged onset date in 2009. The only evidence bearing on Mr. Stewart's capacity for work during the relevant period are the activities of daily living (ADLs) he reported as part of his benefits application, a statement on a related form that he experienced three to five panic or anxiety attacks per week, and Mrs. Stewart's hearing testimony about his ADLs, pain, and lack of sleep. But Mr. Stewart didn't allege in his application that he sought disability benefits because of his bipolar disorder and no evidence in the record links Mr. Stewart's limitations to bipolar disorder rather than his shoulder injury. In fact, even Mrs. Stewart attributed Mr. Stewart's ADLs, pain, and lack of sleep almost wholly to his shoulder injury. And although she briefly and vaguely suggested Mr. Stewart's bipolar disorder caused him to discontinue his participation in college courses he began shortly after his shoulder injury, she also testified his physical pain contributed to that result.

Mrs. Stewart also advances three arguments in her opening appellate brief that she failed to present to the district court—that the additional evidence would have (1) required the ALJ to use the "special technique" set out in 20 C.F.R. § 404.1520a and rate the degree of functional limitation attributable to Mr. Stewart's bipolar disorder;[2] (2) led the ALJ to conclude that Mr. Stewart's bipolar disorder met Listing

---

[2] Because Mr. Stewart sought only disability benefits, this regulation is applicable rather than the materially identical counterpart Mrs. Stewart cites (20 C.F.R. § 416.920a), which governs claims for supplemental security income.

12.04, Affective Disorders; and (3) led the ALJ to find Mr. Stewart disabled based on the combined effect of his shoulder injury and bipolar disorder. She further contends in her appellate reply brief that if the ALJ had possessed the additional evidence, he would have been required to develop the record to determine whether Mr. Stewart's bipolar disorder qualified as a severe impairment for step-two purposes and, if so, to ask a consulting medical source whether that condition affected Mr. Stewart's capacity for work. She also failed to raise this last argument in the district court.[3]

Our scope of our review is limited to issues properly preserved in the district court and adequately presented on appeal. *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996). If a claimant fails to present an argument or theory to the district court, the issue is forfeited unless "compelling reasons" dictate that the forfeiture be excused. *Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994); *see also Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1284 (10th Cir. 2013). Having reviewed Mrs. Stewart's arguments in light of the record, we find no compelling reason to excuse their forfeiture. We also deem her combined-effect argument waived due to inadequate briefing in her opening brief, *see Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998), and her further-development argument waived for failure to raise it

---

[3] The only arguments Mrs. Stewart made in the district court were that (1) Mr. Stewart did not seek treatment for his bipolar disorder since 1993 in part because of financial reasons, but he did state on a benefits application form that he had three to five panic and anxiety attacks per week; and (2) because her husband "did ultimately commit suicide, . . . the Appeals Council erred when it concluded that the mental health records [from 1993] would have no impact on the ALJ's RFC that contained no mental limitations." R. at 503–04.

in her opening brief, *see Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277–78 (10th Cir. 1994).

In sum, even considering the additional evidence Mrs. Stewart submitted to the Appeals Council, substantial evidence supports the ALJ's decision and we discern no legal error.  The district court's judgment is affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge