Eugene L. STONEBRAKER, Plaintiff,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant.

Civ. A. No. 92–1337–MLB.

United States District Court, D. Kansas.

July 13, 1993.

Michael J. Kuhn, Legal Services of North Cent. Kansas, Salina, KS, for Eugene L. Stonebraker.

Stephen K. Lester, Office of U.S. Atty., Wichita, KS, for Secretary of Health and Human Services of U.S.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on cross motions by defendant to affirm a decision of the Secretary (Doc. 9), and by plaintiff for an order reversing that decision. (Doc. 7). Plaintiff filed an application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381–83c (1982 & Supp. IV 1986), which was denied initially and on reconsideration. Following a hearing at which plaintiff was represented by counsel, the Administrative Law Judge ("ALJ") found that plaintiff was not disabled. (Tr. 34–42). The Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Secretary. This court has appellate jurisdiction under 42 U.S.C. § 1383(c)(3).

### I. *Standard of Review*

The "court reviews the Secretary's decision to determine only whether his findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making his decision." *Hargis v. Sullivan,* 945 F.2d 1482, 1486 (10th Cir.1991). The court must give conclusive effect to "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, . . . ." 42 U.S.C. § 405(g). Substantial evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28

L.Ed.2d 842 (1971); *Fowler v. Bowen,* 876 F.2d 1451, 1453 (10th Cir.1989). It is not the duty of the court to reweigh the evidence, or substitute its decision for that of the ALJ. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495, 1500 (10th Cir.1992). Substantial evidence, however, must be more than a mere scintilla, *Perales,* 402 U.S. at 403, 91 S.Ct. at 1428, although it may be less than a preponderance. *Flint v. Sullivan,* 951 F.2d 264, 266 (10th Cir.1991). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir.1992). This court's determination entails a meticulous review of "the record as a whole, and 'the substantiality of the evidence must take into account whatever in the record fairly detracts from its weight.'" *Talbot v. Heckler,* 814 F.2d 1456, 1461 (10th Cir.1987) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951)). In applying these standards, the court must bear in mind that the purpose of the Social Security Act is to ameliorate some of the rigors of life for those who are disabled or impoverished. *Dvorak v. Celebrezze,* 345 F.2d 894, 897 (10th Cir.1965).

### II. *Background*

Plaintiff was born on July 14, 1936, and was 54 years old at the time of his disability hearing. Plaintiff was involved in a truck-train accident in 1980. At the time of his accident, plaintiff was working as a truck driver and light equipment operator, which had been plaintiff's occupation for 26 years. Plaintiff went back to work one week after his accident, but only worked one-half day due to pain in his lower back and foot. (Tr. 58). Plaintiff has not worked since that time.

At his disability hearing before the ALJ, plaintiff testified that he lives with his mother. Plaintiff testified that his left foot and leg become numb if he walks, stands, or sits for too long in one position. Plaintiff also complains of back pain. Plaintiff testified that he spends most of his day sitting at home and relieves his pain by getting up and moving every 15 minutes. Although the record indicates that plaintiff has been pre-

scribed pain medication in the past, plaintiff testimony indicates that he currently takes only aspirin for his pain. (Tr. 63).

The record medical evidence of plaintiff's condition begins in 1988. On May 5, 1988, Dr. Alan L. Kruckemyer, an orthopedic surgeon, reported the results of his examination of plaintiff. Dr. Kruckemyer noted that plaintiff was "unable to walk due to spinal stenosis with possible bulging disc." (Tr. 152). Dr. Kruckemyer prescribed Motrin and stated: "It is my medical opinion [plaintiff] is disabled at this time from gainful employment." (*Id.*). In response to a form "Request for Medical Statement" from the Kansas Department of Social and Rehabilitation Services ("SRS"), Dr. Kruckemyer opined that plaintiff's condition prevented him from being employed other than in non-competitive work activities in a protected environment. (Tr. 154). Dr. Kruckemyer also recommended surgery. (*Id.*).

Plaintiff was seen by Dr. Ronald L. Young, a chiropractor, in August 1988. Dr. Young noted that plaintiff wanted to avoid surgery and try conservative treatment first. (Tr. 155). Dr. Young advised plaintiff to avoid "long term standing or sitting, lifting over 50 lbs. at one time 25 lbs. repeatedly, walking over long distances, irregular surfaces or riding in cars over long periods of time." Dr. Young also noted that these restrictions may no longer apply after surgery. (Tr. 156).

On October 3, 1988, a Dr. Wedel responded to an SRS form request by stating that plaintiff is substantially limited in his employment capabilities. (Tr. 158).

Plaintiff was seen by Dr. Anthony E. Francis, an orthopedic surgeon from December 1988 through May 1990. On December 5, 1988, Dr. Francis noted evidence of "an acquired bony stenosis in the lower lumbar spinal canal." Dr. Francis discussed options with plaintiff and gave a Decadron injection. Over the next year, Dr. Francis noted that plaintiff continued to complain of pain and numbness in his legs, as well as "a lot" of low back pain. (Tr. 180). In January 1990, Dr. Francis noted that plaintiff "remains disabled," and again in May of that year he noted that plaintiff "continues to be totally disabled from his work." (Tr. 181). On May

10, 1990, Dr. Francis responded to an SRS form request by stating that plaintiff's condition prevented him from being employed. (Tr. 188).

On May 12, 1989, Dr. John Lichtenhan responded to an SRS form request by stating that plaintiff is substantially limited in his employment capabilities. (Tr. 162). On February 6, 1990, a physician in Salina examined plaintiff and opined that plaintiff's condition was "permanent," and that plaintiff should avoid "heavy labor or work involving repeated prolonged use of legs." (Tr. 186). On July 10, 1991, Dr. J. Shafer responded to an SRS form request by stating that plaintiff is substantially limited in his employment capabilities. (Tr. 209).

## II. *ALJ's Decision*

The ALJ referred to the five-step sequential analysis found at 20 C.F.R. § 416.920. Although the ALJ found that the medical evidence established that plaintiff "has a severe lumbar disc disease," the ALJ found that plaintiff's testimony concerning the severity of his pain was not credible. Thus, the ALJ concluded that plaintiff retained the residual functional capacity to return to his past work as a truck driver.

## III. *Analysis*

■ For determining whether a Social Security claimant is disabled, the Secretary has developed a five step sequential evaluation. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140–41, 107 S.Ct. 2287, 2290–91, 96 L.Ed.2d 119 (1987). " 'If at any point in the process the Secretary finds that a person is disabled or not disabled, the review ends.' " *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir.1992) (citation omitted).

■ The relevant inquiry at step one is whether the claimant is engaged in substantial gainful activity. *Yuckert*, 482 U.S. at 140, 107 S.Ct. at 2290. If not, step two requires the factfinder to determine whether the claimant has a medically severe impairment or combination of impairments. *Id.* at 140–41, 107 S.Ct. at 2290–91. Step three entails determining "whether the impairment

is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.* at 141, 107 S.Ct. at 2291. If there is no such equivalency, the claimant must show at step four that the "impairment prevents the claimant from performing work he has performed in the past." *Id.* At the fifth step, the factfinder must determine whether the claimant has the residual functional capacity "to perform other work in the national economy in view of his age, education, and work experience." *Id.* at 142, 107 S.Ct. at 2291. The Secretary bears the burden of proof only at step five. *Id.* at 146 n. 5, 107 S.Ct. at 2294 n. 5.

The ALJ made his conclusion at step four of the process, finding that plaintiff could return to his former work as a truck driver. The ALJ stated that plaintiff's subjective complaints of pain could not be disregarded solely because the objective medical evidence does not "fully" support these complains. Nonetheless, the ALJ was not persuaded that plaintiff "had been entirely candid" in describing the intensity and severity of his pain, and for this reason denied plaintiff's claim.

■ A claim of disability based upon pain is evaluated under a three step process. The court must consider:

(1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Musgrave v. Sullivan,* 966 F.2d 1371, 1375–76 (10th Cir.1992).

Although it is less than clear, there appears to be no dispute that plaintiff established the first two prongs of this analysis. As the ALJ found, plaintiff established that he suffers from "a severe lumbar disc disease," which certainly bears at least a loose nexus to plaintiff's complaint of pain. The issue, therefore, is whether the ALJ's disbelief of plaintiff's complaints of pain was based upon a consideration of all the relevant evidence, and if so, whether his conclusion is supported by substantial evidence.

■ The ALJ should consider several factors when evaluating the credibility of complaints of pain. *Thompson v. Sullivan,* 987 F.2d 1482, 1489 (10th Cir.1993):

"the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence."

*Hargis v. Sullivan,* 945 F.2d 1482, 1489 (10th Cir.1991) (citation omitted). In addition, "before the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he or she should consider: '(1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse.' " *Thompson,* 987 F.2d at 1490 (quoting *Frey v. Bowen,* 816 F.2d 508, 517 (10th Cir.1987)).

■■ In discounting plaintiff's claims of disabling pain, the ALJ noted that plaintiff currently takes no medication and had not seen a doctor in over a year. The ALJ failed, however, to consider any of the *Frey* factors before relying on this evidence. Moreover, the only evidence in the record relevant to this matter is plaintiff's testimony that he has not seen a doctor because he could not find a doctor who would take his medical card. (Tr. 83). Thus, in disbelieving plaintiff's complaints of pain, the ALJ erroneously relied on plaintiff's failure to pursue medical treatment.

■ The ALJ also relied on a statement contained in plaintiff's initial application, where plaintiff states under the heading "Recreational activities and hobbies" that he likes to fish and hunt. (Tr. 112). The ALJ

found evidence of the same in Dr. Handlin's medical report of September 15, 1990, where Dr. Handlin notes that plaintiff's hobbies are fishing and hunting. (Tr. 193). The extent to which plaintiff actually engages in such activities is unknown, however, because no one questioned plaintiff on this point at his hearing. In response to another question, plaintiff mentioned that he is no longer able to do the things he used to enjoy, such as fishing and hunting. (Tr. 72–73). Moreover, even if the court indulges in the assumption that plaintiff does hunt or fish, substantial evidence does not support the assumption that such activity (or any other activity evinced by the record) is anything other than sporadic—which may not support the ALJ's rejection of a claim of disabling pain. *See Thompson*, 987 F.2d at 1490.

■ The ALJ also seems to have based his finding in part on the observation that "the claimant for the last 10 or 12 years has been supported by the tax payer and his mother." From this the ALJ concluded that "the claimant's poor motivation to return to work and his reliance on his elderly mother and general assistance do not speak well of his overall credibility." (Tr. 40). The mere fact that plaintiff has received assistance from other sources, however, says nothing about the reasons plaintiff has remained unemployed, and it is equally probable that a bona fide disability accounts for plaintiff's "poor motivation" to return to work. The ALJ's circular reasoning cannot support a credibility finding.

■ This leaves only the ALJ rejection of all of the opinions of plaintiff's treating or examining physicians, who were of the opinion that plaintiff is either substantially or totally disabled by virtue of his back and leg pain. The ALJ rejected these numerous opinions as "conclusory statements." (Tr. 40). The court is not able to disregard these numerous opinions so easily. *See Thompson*, 987 F.2d at 1490 (rejecting ALJ's credibility finding on pain based on physician's opinion). "Although this court ordinarily defers to the ALJ as trier of fact on credibility, deference is not an absolute rule." *Id.* (citations omitted).

The ALJ's conclusion that plaintiff has the ability to return to his former job as a truck driver is not supported by substantial evidence. The court will remand for further proceedings, however, to allow the ALJ to determine at step five of the sequential evaluation whether plaintiff retains the residual functional capacity to perform other work in the national economy.

■ The court notes that the ALJ's review is restricted to the *actual* disability that afflicted plaintiff at the time he filed for benefits. Shortly after the ALJ rendered his decision, plaintiff suffered a cardiac arrest, and plaintiff was awarded Social Security benefits for the disability resulting from this condition. Plaintiff contends that the ALJ should consider plaintiff's preexisting "heart disease," which, according to plaintiff, was evidenced by clinical signs, such as high blood pressure, prior to plaintiff's actual heart attack. The relevant inquiry, however, is whether the claimant was *actually* disabled during the relevant time, not whether a disease existed that ultimately progressed to a disabling condition. *Potter v. Secretary of Health & Human Servs.*, 905 F.2d 1346, 1348–49 (10th Cir.1990); *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir.1991). Thus, the ALJ is obliged to consider evidence of plaintiff's heart disease only to the extent that this actually manifested itself as a disabling condition.

Accordingly, the court denies the motion of defendant (Doc. 9) to affirm, and denies the motion of plaintiff (Doc. 7) to reverse the decision of the Secretary. The case is remanded to the Secretary for further proceedings in accordance with this order.

**IT IS SO ORDERED.**