13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Evelyn PETTYJOHN, Plaintiff-Appellee,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellant.
 No. 92-1106.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1993.
 
 ORDER AND JUDGMENT*
 Before TACHA, SETH and BRIGHT**, Circuit Judges.
 
 
 1
 The Secretary of Health and Human Services ("Secretary") brought this appeal after the district court reversed the administrative law judge's decision denying Social Security benefits to Evelyn Pettyjohn. We vacate and remand to the district court.
 
 
 2
 Appellee Evelyn Pettyjohn applied for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. 401-433, on June 12, 1985. This petition was denied without a hearing. Appellee applied again in January 1989 for DIB and for Supplemental Security Income ("SSI") under Title XVI. These petitions were initially denied; however, the administrative law judge ("ALJ") granted Appellee's request for a hearing and reopened her 1985 DIB application and considered both requests but denied them. This appeal pertains only to the DIB benefits under Title II.
 
 
 3
 The case must be remanded because the record before us does not differentiate between the time limitations on DIB claims and SSI claims, nor does the trial court's finding. The hearings were held and the reviews on both claims together without differentiation as to time and degree. On appeal the only issue before us is the DIB claim. The Secretary acknowledges that Appellee is now disabled under SSI requirements.
 
 
 4
 Appellee was last insured for DIB on September 30, 1983. Appellee claims she has been disabled with back, knee and hand problems since November 20, 1982. Appellee was employed for less than a week in 1984; however, the last substantial employment that Appellee held ended November 1982. Appellee's experience includes working as a maid, laundry worker, cloth cutter, janitor, and kitchen helper.
 
 
 5
 Medical records prior to September 30, 1983 show that in August 1982 Appellee was hospitalized for a degenerative joint disease of the lumbar spine, aggravated by a lumbosacral strain in 1982 and for bilateral knee pain. The next available medical records do not appear until April 1983 and later records show that Appellee developed many other problems such as hypertension, depression, muscular disorders and obesity after her insured status expired.
 
 
 6
 After a hearing where Appellee and her husband testified, the ALJ found that Appellee was not disabled under 20 C.F.R. 404.1520 or 416.920 and therefore not entitled to either SSI or DIB. The Appeals Council refused to review the case and adopted the ALJ's findings. This determination made it the Secretary's final decision. Appellee sought judicial review under 42 U.S.C. 405(g) and the United States District Court for the District of Colorado reversed the ALJ's decision, finding that the ALJ's decision was not supported by substantial evidence and was legally incorrect. Pettyjohn v. Sullivan, 776 F.Supp. 1482 (D.Colo.).
 
 
 7
 The Secretary raises two issues on appeal. First, whether substantial evidence supports the ALJ's decision that Appellee was not disabled before her DIB eligibility expired. Second, whether the district court applied the correct legal standards when it reversed the ALJ by finding that the disability need not last for twelve continuous months. We do not reach the merits of the second issue.
 
 
 8
 As mentioned, Appellee initially sought both DIB and SSI benefits. The eligibility requirements differ for each. To receive DIB pursuant to 42 U.S.C. 423(a)(1), a person must be insured, be under retirement age, have filled out an application for DIB, and be under a disability. To be entitled to SSI under 42 U.S.C. 1382(a)(1), a person must be disabled, and the income and resources of the individual must be below a specific level. Knipe v. Heckler, 755 F.2d 141, 149 (10th Cir.). However, the regulations used for evaluating the existence of a disability are virtually identical for both DIB and SSI. Compare 20 C.F.R. 401.1520 with 20 C.F.R. 416.920.
 
 
 9
 "In determining whether an individual is disabled, the relevant law and regulations governing a claim for disability benefits are identical to those governing a claim for supplemental income benefits, [and] we treat the two claims together.' " 755 F.2d at 145 n.8 (quoting Davis v. Heckler, 748 F.2d 293, 294 n.2 (5th Cir.)). Although the requirements for determining whether a claimant is disabled are "virtually identical" for both SSI and DIB benefits, "other eligibility requirements do differ." Id. The key difference for our purposes is that to receive DIB this claimant must have been disabled before her eligibility expired September 30, 1983.
 
 
 10
 As previously discussed, the district court found that substantial evidence supports a finding that Appellee is "disabled." However, in reversing the ALJ, the district court did not state which benefits Appellee was entitled to receive. His order merely stated "reversed and remanded ... for an award of benefits." Aplt.App. at 251.
 
 
 11
 On appeal, the Secretary concedes that Appellee is currently disabled and is entitled to SSI. However, the Secretary contends that substantial evidence exists to support the ALJ's decision that Appellee was able to perform sedentary work and therefore was not disabled for purposes of DIB on or before September 30, 1983.
 
 
 12
 Both parties agree that Appellee's insured status for DIB expired on September 20, 1983. Therefore, her disability must have manifested itself on or before that date. See 42 U.S.C. 423(a)(1)(A); 20 C.F.R. 404.131; Flint v. Sullivan, 951 F.2d 264 (10th Cir.); Potter v. Secretary of Health & Human Serv., 905 F.2d 1346 (10th Cir.). "[T]he issue is the existence of a disability at a particular time and not the identification of a cause." 951 F.2d at 268. Evidence of a retrospective diagnosis and subjective testimony can be used, but cannot support a finding of disability alone. Id. at 267. If a claimant has a degenerative or ongoing impairment, "[t]he relevant inquiry ... is whether the claimant was actually disabled during the relevant time, not whether a disease existed that ultimately progressed to a disabling condition." Stonebraker v. Shalala, 827 F.Supp. 1531, 1536 (D.Kan.) (determination of disability for SSI).
 
 
 13
 Although the cause of Appellee's eventual disability was probably first diagnosed in 1982, it is not possible under the record before us to determine whether there was substantial evidence to show that Appellee was disabled in 1983 when her insurance expired. The only evidence of a medical examination prior to the expiration of her insured status was in 1982 when Appellee was hospitalized for back and knee pain. No medical evidence of back pain exists again until a 1985 report which mentions Appellee's complaint of lower back pain during a January 1984 examination. The only other support for impairment prior to September 1983 is the statements by the Appellee and her husband during the hearing. This is not separated in time segments.
 
 
 14
 In reversing the ALJ's finding that Appellee had no disability, the district court grouped together statements about Appellee's condition both prior to and after her insured status ended. The district court found that the evidence supported a finding of disability, but did not differentiate between SSI and DIB eligibility. Since the eligibility requirements materially differ for SSI and DIB based on the date upon which the alleged disability existed, the district court must determine whether substantial evidence supported the ALJ's finding that Appellee was not disabled prior to the expiration of her insured status. Therefore, we must remand to the district court for further proceedings and findings.
 
 
 15
 The Secretary's second contention is that the district court improperly interpreted principles of Social Security disability law. The Secretary argues that Appellee could not be found disabled unless she could not work for a continuous twelve-month period of time. We need not reach the merits of this issue since the case is remanded to the district court for clarification of its findings on Appellee's eligibility for DIB.
 
 
 16
 Accordingly, the district court's decision is VACATED and the case is REMANDED to the district court for further proceedings consistent with this opinion.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 **
 Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation