**Evelyn PETTYJOHN, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 91–K–1078.

United States District Court,
D. Colorado.

Jan. 27, 1995.

Joel R. Hayes, Jr., Colorado Rural Legal Services, Greeley, CO, for plaintiff.

Chalk S. Mitchell, Asst. U.S. Atty., Denver, CO, for defendant.

## SUPPLEMENTAL ORDER AFTER REMAND FROM THE TENTH CIRCUIT COURT OF APPEALS

KANE, Senior District Judge.

By Memorandum Opinion and Order dated October 30, 1991, I reversed the administrative law judge's decision denying Evelyn Pettyjohn Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 410–433 and Supplemental Security Income (SSI) under Title XVI. *See Pettyjohn v. Sullivan,* 776 F.Supp. 1482 (D.Colo.

1991). The Secretary of Health and Human Services ("Secretary") appealed, but only as to Pettyjohn's entitlement to DIB benefits.[1] Finding there had been a failure to differentiate between SSI and DIB eligibility,[2] the Tenth Circuit vacated the decision of this court as it pertained to DIB benefits and remanded the case for further proceedings and a clarification of the findings related to Pettyjohn's eligibility for DIB. *See* No. 92–1106, Order & Judgment (December 13, 1993), 13 F.3d 406. The parties agree Pettyjohn last met the eligibility for DIB benefits on September 30, 1983, when her DIB insurance expired. Thus, the sole issue for consideration is whether Pettyjohn was "disabled" on or before that date.

A supplemental evidentiary hearing was held on September 29, 1994. Now—having considered the briefs submitted by both parties on remand, the arguments of counsel, and having reconsidered the administrative record—I find the ALJ's determination that Pettyjohn was not disabled on September 30, 1983 unsupported by substantial evidence and reaffirm my conclusion that Pettyjohn is entitled to DIB benefits.

## I. *Merits*

"Disability" is defined by the Social Security Act and regulations as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). To meet this definition, a claimant must have a "severe impairment," which makes her unable to do her previous work or any other "substantial gainful activity." *Id.* To determine whether a claimant is able to do her previous or other work, the Secretary considers the claimant's "residual functional capacity," as well as her age, education and work experience. *Id.*

During the administrative proceedings, Pettyjohn testified she began having back

problems in 1963 and knee pain in 1974 or 1975. The medical evidence documented an acute exacerbation of back pain requiring hospitalization in 1982. At that time, Pettyjohn was diagnosed with degenerative joint disease of the lumbar spine, aggravated by a lumbosacral strain. The ALJ himself recognized these problems constituted a "severe impairment" within the meaning of 20 C.F.R. § 404.1520 and § 416.920, and found this impairment manifested itself "on or before the date last insured." (Cert.Admin.R. at 13–14.) The ALJ also found Pettyjohn had not performed substantial gainful activity since November 20, 1982. *Id.*

The ALJ nevertheless found Pettyjohn was not "disabled" because (1) her pre–1983 back and knee problems did not "meet or equal" the Listing of Impairments at 20 C.F.R. Ch. III pt. 404, subpt. P, app. 1 (1994); and (2) she possessed "residual functional capacity" and could perform other work activity. In an analysis left intact by the Tenth Circuit on appeal, I reversed both findings as the product of an incorrect legal standard and as unsupported by substantial evidence in the record. *See Pettyjohn v. Sullivan*, 776 F.Supp. at 1486.

## II. *Conclusion*

For the foregoing reasons, I supplement my October 30, 1991 Memorandum Opinion and Order to expressly find the ALJ's denial of Pettyjohn's claim for DIB benefits unsupported by substantial evidence in the record because (1) Pettyjohn's degenerative joint disease and back pain fell within the disability allowances of 20 C.F.R. Ch. III pt. 404, subpt. p, app. 1 on September 30, 1983; (2) she had been unable to perform substantial gainful activity for a year before that date and was incapable of substantial gainful activity on a continual basis after it; and (3) Pettyjohn was illiterate and did not have residual functional capacity for sedentary work.

1. The Secretary concedes Pettyjohn is now disabled and entitled to SSI.

2. To be eligible for DIB benefits under 42 U.S.C. § 423(a)(1), a person must be insured, be under retirement age, have filled out an application for DIB, and be under a disability. To be entitled to SSI under 42 U.S.C. § 1382(a)(1), a person must be disabled, and the income and resources of the individual must be below a specific level.

Accordingly, the decision of the Secretary is REVERSED and REMANDED for the award of DIB benefits.