Evelyn PETTYJOHN, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant.[1]

Civ. A. No. 91–K–1078.

United States District Court, D. Colorado.

June 14, 1995.

---

**1.** This action for social security and disability insurance benefits originally was brought against the Secretary of Health and Human Services. Public Law No. 103–296, the Social Security Independence and Program Improvement Act of 1994, transferred the Secretary's function in social security cases to the Commissioner of Social Security effective March 31, 1995. In accordance with § 106(d) of the Act, Secretary Shalala's request that Social Security Commissioner Shirley S. Chater be substituted as defendant in this action is granted and the caption amended accordingly.

Joel R. Hayes, Jr., Colorado Rural Legal Services, Greeley, CO, for plaintiff.

Chalk S. Mitchell, Asst. U.S. Atty., Denver, CO, for defendant.

## ORDER GRANTING PLAINTIFF'S PETITION FOR ATTORNEY FEES

KANE, Senior District Judge.

Plaintiff Evelyn Pettyjohn was the prevailing party in this lawsuit challenging the denial of her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 410–433 and Supplemental Security Income (SSI) under Title XVI. Through her counsel, Colorado Rural Legal Services, Pettyjohn now petitions for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). She requests attorney fees at the rate of $120 per hour for 159.8 hours. I grant Pettyjohn's petition for fees at the rate of $109.37 for 17.6 hours of work performed in 1991 and early 1992, and at a rate of $120 for 133.5 hours of work performed in 1994, for a total of $17,944.91.

### I. *Background*

This petition follows nearly five years of litigation before both this court and the Tenth Circuit Court of Appeals, culminating in an award of both SSI and DIB in favor of Pettyjohn.[2] The Commissioner concedes

---

**2.** By Memorandum Opinion and Order dated October 30, 1991, I reversed the ALJ's denial of benefits, finding the administrative decision was not supported by substantial evidence and was legally incorrect. *Pettyjohn v. Sullivan,* 776 F.Supp. 1482 (D.Colo.1991). The Commissioner moved for reconsideration, which motion I denied. Order on Rule 59(e) Fed.R.Civ.P., 784

Pettyjohn is the prevailing party under the EAJA and does not challenge her petition for fees insofar as it seeks recovery for hours spent on the appeal of the ALJ's decision to this court. The Commissioner takes issue, however, with Pettyjohn's efforts to recover for 79.9 hours spent defending against the government's subsequent appeal to the Tenth Circuit, noting the Tenth Circuit vacated the DIB award and contending the government's position in taking the appeal was "substantially justified." The Commissioner also opposes the use of a 1995 inflation-adjusted fee rate of $120 per hour to calculate the fees due Pettyjohn, and contends certain of the hours claimed were unreasonable.

Pettyjohn denies the Commissioner can allocate its liability for attorney fees by level of the proceedings, and argues both the hourly rate and number of hours claimed in her fee petition are reasonable. I address these issues seriatim.

## II. *Merits*

### A.

■ The EAJA requires that a court "award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., brought by or against the United States ... unless the court finds that the position of the United States was substantially justified...." 28 U.S.C. § 2412(d)(1)(A). The test for substantial justification is one of reasonableness in law and in fact. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (rejecting argument that government's litigating position need only have had "some substance and a fair possibility of success" to be substantially justified), *applied in Harris v. Railroad Retirement Bd.*, 990 F.2d 519, 520 (10th Cir.1993).

■ The Tenth Circuit has held that the government must establish three components to meet the *Pierce* reasonableness test: (1) a reasonable basis for the facts asserted; (2) a reasonable basis in law for the legal theory proposed; and (3) support for the legal theory by the facts alleged. *Harris*, 990 F.2d at 520–21; *see Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir.1988) (applying *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1486–87 (10th Cir.), *cert. denied*, 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984)). Here, the Commissioner makes no attempt to demonstrate the reasonableness of her position before this court (i.e., that Pettyjohn was entitled to neither SSI nor DIB), and does not oppose an award of EAJA fees for the time spent on Pettyjohn's successful challenge of that position here. Def.'s Resp.Pl.'s Pet.Attorney Fees at 2. The Commissioner hedges, however, by stating her decision not to oppose fees for the time spent in the district court "should not be construed as a concession that her administrative decision and her defense of that decision was not substantially justified." *Id.* n. 3.

■ This equivocation is insufficient to avoid liability for fees under the EAJA. The burden of proof on the question of "substantial justification" rests squarely with the government, *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir.1995), and the Commissioner's failure to demonstrate the reasonableness of her position in this case is dispositive. *Gatson*, 854 F.2d at 380. Even assuming the Commissioner reasonably believed Pettyjohn was not disabled and manifested residual functional capacity, the belief was based on an evaluation of Pettyjohn's medical records and testimony I found to be unsupported either by the law of this circuit or the great weight of the evidence. *Pettyjohn v. Sullivan*, 776 F.Supp. at 1486.[3] Moreover, I

F.Supp. 792 (D.Colo.1992). The Commissioner appealed the award of DIB to the Tenth Circuit, ascribing error (1) to my failure to specifically find Pettyjohn was disabled before her DIB eligibility expired; and (2) to my finding that Pettyjohn's disability did not have to last for twelve continuous months. The Tenth Circuit vacated the DIB award on the first issue, and remanded the question of whether Pettyjohn's disability predated the expiration of her insurance for further findings. Order & Judgment, *entered sub nom Pettyjohn v. Shalala*, 13 F.3d 406 (1993)

(TABLE), 1993 WL 516443 (10th Cir. Dec. 13, 1993) (unpublished disposition). The Court of Appeals specifically declined to reach the merits of the second issue. 1993 WL 516443 at **1. After a further evidentiary hearing on remand, I made the requisite findings and re-entered the award for DIB. *See* Supplemental Order After Remand, 874 F.Supp. 305 (D.Colo.1995).

**3.** In my review of the ALJ's decision denying Pettyjohn SSI and DIB benefits, I held the ALJ applied an incorrect legal standard by (1) failing

found the Commissioner's litigating posture in this case to have been based in large part on the "culling and distortion of selective pieces [of the record]," and rife with the "same inadequacies found in the treatment of [Pettyjohn's] case during the administrative process." *See* Order on Rule 59(e) Fed. R.Civ.P., 784 F.Supp. at 795. As such, I find it lacked substantial justification.

■ The fact the Tenth Circuit vacated the DIB award and remanded the question of Pettyjohn's DIB eligibility for further findings does not alter this result. The Tenth Circuit's ruling focused on this court's failure to make specific findings as to whether Pettyjohn was disabled on or before the date her disability insurance coverage expired. *See* Order & Judgment, 1993 WL 516443 at * *1. It addressed neither the merits of the Commissioner's position regarding Pettyjohn's disability and residual functional capacity nor this court's conclusions of law.[4] The result after remand was a vindication not of the government's, but of Pettyjohn's, position on grounds the government and the ALJ misapplied the law and substantially ignored the facts. *See* Supplemental Order, 874 F.Supp. at 306. Under these circumstances, I reject the assertion that Pettyjohn should be precluded from recovering those fees incurred defending against the Commissioner's appeal to the Tenth Circuit.

## B.

■ The EAJA provides that attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Pettyjohn requests EAJA fees be awarded at an hourly rate of $120, which reflects the $75 statutory rate adjusted for inflation as of January 1995.

The Commissioner acknowledges the $75 statutory rate may be adjusted to reflect increases in the cost of living. Def.'s Resp. at 6 (citing *Harris v. Railroad Retirement Bd.*, 990 F.2d at 521). She relies on *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir.1992) and *Marcus v. Shalala*, 17 F.3d 1033, 1038–40 (7th Cir.1994), however, to argue cost of living adjustments must be made to reflect the appropriate rate in the year in which the services were rendered. Thus, the Commissioner contends, attorney fees for hours expended by Pettyjohn's first attorney, Jacquelyn Higinbotham, from June 1991 to March 1992 should be calculated at the 1991 adjusted hourly rate of $109.37, and the fees for hours expended by Ms. Higinbotham's successor, Joel Hayes, from January 1994 through April 1995 should be calculated at the 1994 rate of $120.[5]

The premise of the *Perales* and *Marcus* holdings is that a cost-of-living adjustment on EAJA fees for inflation that occurred *after* counsel's work was performed constitutes an award of interest, from which the United States is immune absent express congressional consent under *Library of Congress v. Shaw*, 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). *See Perales*, 950 F.2d at 1074–76; *Marcus*, 17 F.3d at 1039–40. Because the EAJA expressly provides for *post judgment* interest on fee awards (28 U.S.C. § 2412(f)) but is silent on the issue of prejudgment interest, the Fifth and Seventh

---

to give proper weight to the medical testimony of Pettyjohn's physicians; (2) failing correctly to apply the regulations defining disability; (3) concluding her disability had to be continuous for a one year period; (4) failing to consider substantial evidence of Pettyjohn's illiteracy; and (5) by relying on an unsupported finding of literacy to conclude she had residual functional capacity and could perform sedentary work. *See Pettyjohn v. Sullivan*, 776 F.Supp. at 1486.

**4.** Even if it had, I note that objective indicia such as the government's success or failure on the merits at a given level of the proceedings, while relevant to the "substantial justification" inquiry,

are not determinative. *Pierce*, 487 U.S. at 568, 108 S.Ct. at 2551; *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir.1988); *Gatson v. Bowen*, 854 F.2d at 381 n. 1; *Weakley v. Bowen*, 803 F.2d 575, 579 (10th Cir.1986). The question simply is whether the government's position was "'justified in substance or in the main.'" *Pierce*, 487 U.S. at 565, 108 S.Ct. at 2550. On the issues relevant to Pettyjohn's status as prevailing party, I find it was not.

**5.** According to the Commissioner, the actual amount of the $75 statutory rate adjusted for inflation in 1994 was $119.37, which she then rounded up to $120.

Circuits concluded the strict construction mandated by *Shaw* precludes the indexing of EAJA fees at current rates, and instead requires them to be indexed at the rates in effect when the services were performed. *Perales* at 1077; *Marcus* at 1040. *Accord Chiu v. United States,* 948 F.2d 711, 721–22 (Fed.Cir.1991).

The question is one of first impression in this circuit. While other courts have awarded cost-of-living adjustments under the EAJA without regard to the year in which the services were performed, *see Garcia v. Schweiker,* 829 F.2d 396, 402 (3d Cir.1987) (reasoning that attorneys "should not have the purchasing power of their fees eroded by such inflation"); *United States v. Boeing Co., Inc.,* 747 F.Supp. 319, 322–23 (E.D.Va.1990) (noting the CPI "should serve as a disincentive to the government to prolong the litigation process"), *rev'd on other grounds sub nom United States v. Paisley,* 957 F.2d 1161 (4th Cir.1992); *Rutledge v. Sullivan,* 745 F.Supp. 715, 717 (S.D.Ga.1990) (concluding the award should compensate for the time value of money and the effects of inflation), I find the *Perales, Marcus* and *Chiu* decisions adopt a more comprehensive and persuasive legal analysis. Absent express congressional consent to the award of prejudgment interest on EAJA fee awards, cost-of-living adjustments to Pettyjohn's EAJA fees will be calculated at the appropriate rate the year the services were rendered, here, $109.37 for Ms. Higinbotham's hours and $120 for Mr. Hayes's hours.

### C.

Finally, I consider the Commissioner's assertion that certain of the hours expended by Colorado Rural Legal Services on Pettyjohn's behalf are not compensable. Under *Weakley v. Bowen,* 803 F.2d at 580, costs for travel expenses are not authorized under the EAJA and I agree Pettyjohn may recover neither the 4 hours claimed by Ms. Higinbotham nor the 2.8 hours claimed by Mr. Hayes for travel to Denver for oral argument. I also agree Pettyjohn should not recover fees at an attorney's hourly rate for hours spent on purely clerical tasks. *See Action on Smoking & Health v. C.A.B.,* 724

F.2d 211, 222 (D.C.Cir.1984). Pettyjohn concedes 1.9 of the hours claimed were for such tasks and I reduce her fees accordingly. I find the remaining 151.1 hours claimed by Pettyjohn for work done on her behalf by Colorado Rural Legal Services to be reasonable and perhaps, given the number and nature of the government's efforts to overturn the award of benefits, even an exercise in efficiency and restraint.

### III. *Conclusion*

On her request for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 4212(d), I find both that plaintiff Evelyn Pettyjohn is the prevailing party and that the Commissioner has failed to show her position was "substantially justified." I find the number of hours claimed reasonable and award fees at the rate of $109.37 for 17.6 hours of work performed by Ms. Higinbotham in 1991 and early 1992, and at a rate of $120 for 133.5 hours of work performed by Mr. Hayes in 1994, for a total of $17,944.91.