Donald D. DECKER, Plaintiff,

v.

**Shirley S. CHATER, Commissioner of Social Security,[1] Defendant.**

Civ. A. No. 94–4247–DES.

United States District Court, D. Kansas.

July 19, 1995.

1. Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103–296.

Pursuant to Fed.R.Civ.P. 25(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.

Roger D. Fincher, Bryan, Lykins & Hejt-manek, P.A., Topeka, KS, for plaintiff.

Jackie A. Rapstine, Office of United States Attorney, Topeka, KS, for defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's Motion to Reverse the Decision of the Administrative Law Judge and the Commissioner's denial of disability benefits pursuant to Title II of the Social Security Act (Doc. 7). In response, defendant moves to affirm the Commissioner's decision (Doc. 9).

Having reviewed the record in this case and for the reasons set forth in this order, the court affirms the Commissioner's decision.

### I. PROCEDURAL BACKGROUND

Plaintiff filed an Application for Social Security Disability Benefits on August 3, 1992. The application was initially denied on Au-gust 31, 1992, and was also denied on recon-sideration on December 15, 1992.

Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ") on January 20, 1993. On October 5, 1993, a hearing was held on plaintiff's claim. By order of February 25, 1994, the ALJ found plaintiff was entitled to a closed period of disability beginning May 29, 1991, and end-ing December 15, 1992. Plaintiff requested review of this decision which was denied by the Appeals Council of the Social Security Administration.

The ALJ's decision stands as the final decision of the Commissioner. Plaintiff com-menced this action on December 20, 1994.

### II. FACTUAL BACKGROUND

Plaintiff was injured in May 1991, when his feet were pinned under a falling sheet of steel from a boxcar. Plaintiff suffered frac-tures of four toes of the right foot and an iliolumbar back strain. The fracture of the great toe of plaintiff's right foot was serious enough that it was pinned. He was released on June 5, 1991, and began rehabilitation and pain control.

Plaintiff's progress was good and plaintiff continued to improve. Plaintiff was encour-aged to continue rehabilitation and to seri-ously work on a weight reduction program.

In October 1991 plaintiff was complaining of back pain. He received epidural injections which provided temporary relief. Although plaintiff sought another opinion concerning his back pain, by January 1992, he was walk-ing up to a mile a day. Plaintiff was again admonished to lose weight as part of his rehabilitation program.

In May 1992 plaintiff was evaluated and it was determined that he had limited lumbar spine motion and impairment of his right foot. The evaluation concluded that plaintiff was limited to sedentary work with no lifting. This determination was made primarily on plaintiff's subjective complaints. In August 1992 it was determined that plaintiff could stand and walk three to six hours out of an eight hour day and could lift 10 to 15 pounds. Limitations were placed on plaintiff's ability

to bend, climb, squat, and stoop because of back, knee and foot pain.

Plaintiff began seeing a chiropractor in September 1992, and he responded well to treatment. Plaintiff was released to return to light work with restrictions on climbing and lifting over 40 pounds.

Plaintiff returned to work, but was laid off in March 1993. Plaintiff exceeded his work restrictions, had worked up to fifty hours a week and had failed to reduce his weight significantly.

In July 1993 plaintiff was again released to return to work within two weeks. However, by October 1993, plaintiff's chiropractor classified plaintiff as completely disabled.

Plaintiff has not worked since 1993.

## III. *ISSUE ON APPEAL*

The issue is whether the final decision of the Commissioner is supported by substantial evidence of the record as a whole. 42 U.S.C. § 405(g).

## IV. *SCOPE OF REVIEW*

█ Judicial review of the Secretary's decision is limited. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497 (10th Cir.1992). The court's function is to determine (1) whether the Secretary applied the proper legal standards and (2) whether the Secretary's decision is supported by substantial evidence. *Id.* at 1497–1498.

█ If the Secretary's factual findings are supported by substantial evidence, the court must give them conclusive effect. 42 U.S.C. § 405(g). Substantial evidence is evidence which a reasonable person might find sufficient to support a particular conclusion. *Richardson v. Perales,* 402 U.S. 389, 401–402, 91 S.Ct. 1420, 1427–1428, 28 L.Ed.2d 842 (1971). Further, substantial evidence must be more than a mere scintilla, *Id.* at 403, 91 S.Ct. at 1428, but may be less than a preponderance. *Flint v. Sullivan,* 951 F.2d 264, 266 (10th Cir.1991). However, evidence is not substantial if it amounts to mere conclusion or is overwhelmed by other evidence, particularly that offered by treating physicians.

*Knipe v. Heckler,* 755 F.2d 141, 145 (10th Cir.1985).

█ The search for substantial evidence does not permit the court to weigh the evidence or substitute its judgment for that of the agency. *See Jordan v. Heckler,* 835 F.2d 1314, 1316 (10th Cir.1987) (stating that "[i]n determining whether the ALJ's resolution of the pain question was based on substantial evidence, we may not weigh the evidence nor substitute our judgment for that of the agency"). "As long as substantial evidence supports the ALJ's determination, the Secretary's decision stands." *Hamilton,* 961 F.2d at 1500.

█ Finally, in applying these standards, the court must bear in mind that the purpose of the Social Security Act is to ameliorate some of the rigors of life for those who are disabled or impoverished. *Dvorak v. Celebrezze,* 345 F.2d 894, 897 (10th Cir.1965); *Sand v. Shalala,* 820 F.Supp. 1299, 1302 (D.Kan.1993); *Stonebraker v. Shalala,* 827 F.Supp. 1531, 1533 (D.Kan.1993).

## IV. *DISCUSSION*

A claimant has the burden of proving disability. 42 U.S.C. § 423(d)(5). A disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

█ When analyzing a claim for disability benefits under the Social Security Act, an ALJ must follow a five-step procedure. *Trimiar v. Sullivan,* 966 F.2d 1326, 1329 (10th Cir.1992). The Tenth Circuit summarized the procedure as follows:

> The Secretary has established a five-step evaluation process under the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. The claimant bears the burden of proof through step four of the analysis. Once it is determined at step four that a claimant cannot perform his past relevant work, the claimant has established a prima facie case of disability. At step five, the burden

shifts to the Secretary to show that a claimant can perform work in the national economy. The Secretary must consider a claimant's residual functional capacity, age, education, and work experience. *Nielson v. Sullivan,* 992 F.2d 1118, 1120 (10th Cir.1993). The Secretary meets the burden at step five if the decision is supported by substantial evidence. *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993).

■ The court finds the ALJ's decision is supported by substantial evidence and that the Commissioner has met her burden. There is no dispute that plaintiff was disabled following the accident until December, 1992. Plaintiff, however, improved and was able to work again. Plaintiff complains now of disabling pain that keeps him from functioning and prohibits him from engaging in any gainful employment.

■ When disabling pain is a factor to be considered by the court an additional burden must be met. The framework for the proper analysis of evidence of pain is: (1) whether a claimant establishes a pain-producing impairment by objective medical evidence; (2) if so, whether there is a loose nexus between the proven impairment and the claimant's subjective allegations of pain; and (3), whether, when considering all the evidence, both objective and subjective, claimant's pain is in fact disabling. *Musgrave v. Sullivan,* 966 F.2d 1371, 1375 (10th Cir.1992). Credibility of the claimant may be assessed at the third stage of the proceedings. *Id.* at 1376.

■ The first step, the objective impairment prerequisite, requires only objective evidence without regard to subjective evidence. *Williams v. Bowen,* 844 F.2d 748, 753 (10th Cir.1988). Here, claimant has presented medical evidence of a serious accident which clearly could result in a pain-producing impairment.

■ The second step is a showing of a nexus between the impairment and the claimant's subjective allegations of pain. "The impairment must be reasonably expected to produce the pain that is being claimed." *Id.* If an impairment is expected to produce some pain, it can reasonably be inferred that

disabling pain can occur in some individuals. *Id.* There can be little argument that an individual who sustained the serious injury that plaintiff sustained could experience severe, even disabling pain. The court can easily find the nexus between the impairment and the allegations of pain.

The final step is an evaluation of all the evidence presented, both objective and subjective. At this stage, the ALJ may assess the credibility of the claimant. "Credibility is the province of the ALJ." *Hamilton, supra,* 961 F.2d at 1499 (10th Cir.1992). In this case, the ALJ found plaintiff's testimony that he was totality disabled because of pain was inconsistent with the record. The court agrees.

There is substantial evidence that after December 1992, plaintiff was able to, and did, in fact, work. The fact that he apparently overworked at his prior job against the advice of his medical advisors and that he did not lose weight as he was time and again admonished to do, does not negate the reality that he could have engaged in substantial gainful employment, albeit not his previous job.

There was substantial evidence that jobs were available in significant numbers in the national and local economies which plaintiff could perform. The only evidence in the record that plaintiff was unable to work was the change of opinion of the chiropractor. That evidence on the other side, does not negate the substantial evidence on which the ALJ relied and with which this court concurs.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Reverse Decision of Administrative Law Judge (Doc. 7) is denied.

**IT IS FURTHER ORDERED** that the Commissioner's decision is affirmed.